UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>        Plaintiff,<br><br>    v.<br><br>DON MORGAN, et al.,<br><br>        Defendants. | **1:15-cv-01786-MJS (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT**<br><br>**(ECF No. 16)**<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 1)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

    Plaintiff is a prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's second motion for an extension of time to file a first amended complaint, filed on April 21, 2016. (ECF No. 16.) For the reasons stated below, Plaintiff's request will be DENIED.

    Plaintiff filed his first civil rights complaint on October 15, 2015. (ECF No. 1.) As his complaint was in the form of a letter rather than a formal complaint, the Court directed Plaintiff to resubmit his claims on a complaint form by November 23, 2015. (ECF No. 2.) On November 9, 2015, Plaintiff filed a motion for an extension of time to file a first amended complaint; the Court granted that motion on February 8, 2016. (ECF

1

Nos. 8 & 13). Plaintiff then requested an additional sixty-day extension on the grounds that he was still awaiting his medical records. (ECF No. 14.) The Court denied that request and ordered Plaintiff to file his first amended complaint within twenty-one days of the date of service of the Court's order, filed March 29, 2016. (ECF No. 15.)

On April 21, 2016, Plaintiff requested an additional five day extension of time to file a first amended complaint. (ECF No. 16.) He did not state why he needed this extension. He did not present, and the Court does not find, any good cause to grant Plaintiff another extension. Plaintiff's motion will therefore be DENIED.

The deadline to file a first amended complaint has passed, and Plaintiff has not responded to the Court order. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424-25 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need

to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fees in this action and likely is unable to pay, making monetary sanctions of little use.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 16) is DENIED; and
2. Plaintiff shall show cause in writing within fourteen (14) days from the date of this order why this action should not be dismissed, without prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   May 13, 2016                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE