UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DON MORGAN, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01786-MJS (PC)<br><br>**ORDER DISMISSING DEFENDANT DON MORGAN WITHOUT PREJUDICE**<br><br>**(ECF No. 20)**<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**(ECF No. 21)**<br><br>**THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT**<br><br>**CLERK TO TERMINATE DEFENDANT DON MORGAN**<br><br>**CLERK TO SEND PLAINTIFF COPY OF ECF No. 18** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint is awaiting screening by the Court. (ECF No. 18.)  Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 6.) No other parties have appeared.

**I.　Procedural History**

　　　　On August 23, 2016, Plaintiff filed a one-paged "Motion to Amend as to Defendant Don Morgan" seeking to delete Don Morgan as a Defendant in his first amended

complaint. (ECF No. 20.) The Court construes this filing as a notice of voluntary dismissal of Defendant Don Morgan.

On August 29, 2016, Plaintiff filed another one-paged "Motion to Amend," again seeking to remove Defendant Don Morgan but to add Dr. Loan K. Nguyen. (ECF No. 21.) Plaintiff also requested a copy of his second amended complaint. No second amended complaint having been filed, the Court construes this as a request for a copy of his first amended complaint and as a motion for leave to file a second amended complaint.

## II.    Voluntary Dismissal

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. No other party has yet appeared in this action. Plaintiff's August 23, 2016 notice is sufficient under Rule 41.

Therefore, Defendant Morgan will be dismissed from this action without prejudice.

## III.   Motion to Amend

### A.    Legal Standard

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served and up to twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff has already filed an amended complaint. (ECF No. 18.) No other parties have appeared in this action. Therefore, Plaintiff may not file a second amended complaint without leave of the Court.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the

involvement of each defendant must be sufficiently alleged.

Furthermore, Local Rule 137(c) requires a party to include a copy of the proposed amended complaint with the moving papers when seeking leave to amend.

**B.     Discussion**

Plaintiff's motion to amend is sparse. Plaintiff simply writes:

> "I respectfully request I be allowed to amend by removing Don Morgan from this claim. I also request to add: Loan K. Nguyen MD to this new amendment. Please also send me a copy of the second amended complaint."

(ECF No. 21.)

Plaintiff alleges no facts or claims relating to Dr. Nguyen. Plaintiff's filing falls far short of the Local Rule 220 requirement that an amended complaint be "complete in itself without reference to the prior or superseded pleading." Plaintiff also fails to attach a proposed second amended complaint to his motion as required under Local Rule 137(c). Indeed, Plaintiff may believe the Court can turn his first amended complaint into a second amended complaint. It cannot.

Despite these procedural deficiencies and considering that Plaintiff's first amended complaint has not yet been screened and no one has appeared in the action, leave to amend would do no harm and apparently will benefit all by replacing a mistakenly named defendant with the correctly named defendant. The Court will grant Plaintiff leave to file a second amended complaint. As Plaintiff's second amended complaint will supersede his first amended complaint, **it must be complete in and of itself** without reference to any prior pleadings. See Loux, 375 F.2d at 57.

**IV.    Conclusion**

Accordingly, it is HEREBY ORDERED that:

1. Defendant Don Morgan is DISMISSED without prejudice;

2. The Clerk of Court shall terminate Defendant Don Morgan;

3. The Clerk of Court shall send Plaintiff a copy of ECF No. 18;

4. Plaintiff's motion for leave to file a second amended complaint (ECF No. 21) is GRANTED;

3

5. Within **thirty (30) days** of this Court's order, Plaintiff must either:

    a. File his second amended complaint; or

    b. Notify the Court that he does not wish to file a second amended complaint and wishes to proceed with screening of his first amended complaint; and

6. Failure to comply with this order will result in dismissal of this action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: September 12, 2016        /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE