UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>DON MORGAN, et al.,<br><br>Defendants. | Case No.  1:15-cv-01786-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY *IN FORMA PAUPERIS* STATUS SHOULD NOT BE REVOKED FOR INCURRING THREE STRIKES WITHIN THE MEANING OF 28 U.S.C. § 1915(G)**<br><br>**(ECF Nos. 7 & 12)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983 on October 15, 2015. (ECF No. 1.) On November 5, 2015, Plaintiff filed a motion seeking leave to proceed *in forma pauperis* as a prisoner. (ECF No. 7.) On December 2, 2015, Plaintiff's motion was granted. (ECF No. 12.) Plaintiff has consented to Magistrate Judge jurisdiction.   (ECF No. 6.)  No other parties have appeared.

Plaintiff's civil rights action pleading awaits screening by the Court.[1] However,

---

[1] Plaintiff's first civil rights complaint was dismissed with leave to amend. On May 25, 2016, Plaintiff filed his first amended complaint. (ECF No. 18.) Before it could be screened, however, Plaintiff filed a motion seeking leave to file a second amended complaint. (ECF No. 21.) On September 13, 2016 the Court granted Plaintiff leave to file a second amended complaint. (ECF No. 22.) However, Plaintiff has not yet filed his second amended complaint.

Plaintiff is subject to 28 U.S.C. 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff has brought more than three actions that were dismissed for being frivolous or malicious, or for failing to state a claim.[2]  The only question remaining is whether Plaintiff is under imminent danger of serious physical injury.

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).  The Ninth Circuit interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued with a practice that has injured him or others similarly situated in the past. Id. at 1056-57.

A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm. McNeil v. U.S., 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)). Vague, speculative, and non-specific allegations are insufficient. See Pauline v. Mishner, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); Cooper v. Bush, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that

---

[2] The Court takes judicial notice of the following four United States District Court cases: Thornton v. Neotti, case number 3:10-cv-01677 (S.D. Cal.) (dismissed on January 3, 2011 for failure to state a claim); Thornton v. Cate, case number 3:10-cv-01585 (S.D. Cal.) (dismissed on June 28, 2011 for failure to state a claim); Thornton v. Cavalin, case number 3:11-cv-00108-BEN-CAB (S.D. Cal.) (dismissed on July 19, 2011 as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)); and Thornton v. Deddeh, case number 3:11-cv-02401-LAB-CAB (S.D. Cal.) (dismissed on January 17, 2012 as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)).

he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger); Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

The Court has reviewed Plaintiff's complaint and finds that it does not allege, or even relate to, any potential for imminent serious physical harm to Plaintiff. While difficult to decipher, Plaintiff's claims appear to arise from the failure of prison officials to provide him with adequate eyeglasses. Plaintiff is therefore not entitled to proceed *in forma pauperis*.

Accordingly, IT IS HEREBY ORDERED:

1. Within fourteen (14) days of this Order, Plaintiff must show cause why his *in forma pauperis* status should not be revoked for incurring three strikes within the meaning of 28 U.S.C. 1915(g); and

2. If Plaintiff fails to respond to this Court's order, the Court will revoke Plaintiff's *in forma pauperis* status and order Plaintiff to pay the $400.00 filing fee in full before proceeding in this action. Plaintiff is advised that failure to pay the filing fee will result in the dismissal of this action, without prejudice, for failure to pay the filing fee.

IT IS SO ORDERED.

Dated:   September 19, 2016          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE